UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DANIEL R. KURTZKE, JR.,

                       Plaintiff,                  **MEMORANDUM OF
DECISION & ORDER**

                -against-                     2:16-cv-06563 (ADS)

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

                       Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Christopher James Bowes, Esq., Of Counsel.**
*Attorney for the Plaintiff*
54 Cobblestone Drive
Shoreham, NY 11786

**United States Attorney's Office**
*Attorney for the Defendant*
610 Federal Plaza
Central Islip, NY 11722
       By:    Megan Jeanette Freismuth, Assistant United States Attorney, Of Counsel.

**SPATT, District Judge**:

        On November 27, 2016, Daniel Kurtzke (the "Plaintiff" or "Kurtzke") commenced this appeal pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), challenging a final determination by the Defendant, Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration (the "Defendant" or the "Commissioner"), that he is ineligible to receive disability insurance benefits.

        The Court notes that the Plaintiff originally named Carolyn W. Colvin as the Defendant in this action, but by operation of law, the present Acting Commissioner, Nancy A. Berryhill is "automatically substituted as a party." FED. R. CIV. P. 25(d); see also 45 U.S.C. §405(g) ("Any

action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

Presently before the Court are the parties' cross motions, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(c) for a judgment on the pleadings. For the reasons that follow, the Plaintiff's motion is denied in its entirety, and the Defendant's motion is granted in its entirety.

## I. BACKGROUND

The Plaintiff is a 55-year-old male who worked as a firefighter for the New York City Fire Department. On March 8, 2012, the Plaintiff applied for disability insurance benefits under the Act due to impairments related to his left ear, sinuses, duodenum polyps, lungs, left knee, right ankle, depression, anxiety, sleep apnea, and gastro-intestinal reflux disease.

His claim was initially denied on June 8, 2012, and he requested a hearing. The Plaintiff appeared with counsel before Administrative Law Judge Ronald Waldman (the "ALJ") on February 27, 2013. On May 2, 2013, ALJ Waldman denied the Plaintiff's claims finding that he was not disabled within the meaning of the Act. On September 17, 2014, at the Plaintiff's request, the Appeals Council granted review and remanded the case for further administrative proceeding. After conducting another hearing on January 15, 2015, ALJ Waldman, on February 17, 2015, again found that the Plaintiff was not disabled. This decision became the final decision of the Commissioner on September 20, 2016, when the Appeals Council denied the Plaintiff's request for review.

On November 27, 2016, the Plaintiff filed the instant action. The parties submitted this matter to the Court as fully briefed on December 29, 2017.

2

For purposes of these motions, familiarity with the underlying administrative record is presumed. The Court's discussion of the evidence will be limited to the specific challenges and responses presently raised by the Plaintiff and the Defendant. In this regard, references to the record are denoted as "R.

## II. DISCUSSION

### A. THE STANDARD FOR BENEFITS UNDER THE ACT

The Act defines the term "disability" to mean an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person may only be disabled if his "impairments are of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

In determining whether a person is disabled, the Commissioner is required to apply the five-step sequential process promulgated by the Social Security Administration, set forth in 20 C.F.R. § 404.1520. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999). The Plaintiff bears the burden of proving the first four steps, but then the burden shifts to the Commissioner at the fifth step to prove that the Plaintiff is capable of working. *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009); *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008); *Rosa*, 168 F.3d at 77; *see also Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) ("If the claimant satisfies her burden of proving the requirements in the first four steps, the burden then shifts to the [Commissioner] to prove in the fifth step that the claimant is capable of working."). "If at any step a finding of disability or non-

disability can be made, the [Social Security Administration] will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24, 124 S. Ct. 376, 379, 157 L.Ed. 2d 333 (2003).

Under the five-step sequential evaluation process, the decision-maker decides:

(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014); *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); 20 C.F.R. §§ 404.1520, 416.920. When conducting this analysis, the ALJ must consider the objective medical facts; the diagnoses or medical opinions based on these facts; the subjective evidence of pain and disability; as well as the plaintiff's age, background, education and work experience. *Mongeur v. Heckler*, 722 F.2d 1033, 1037 (2d Cir. 1983) (per curiam).

**B. THE STANDARD OF REVIEW**

"Judicial review of the denial of disability benefits is narrow" and "[t]he Court will set aside the Commissioner's conclusions only if they are not supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Koffsky v. Apfel*, 26 F. Supp. 2d 475, 478 (E.D.N.Y. 1998) (Spatt, J.) (citing *Bubnis v. Apfel*, 150 F.3d 177, 179–81 (2d Cir. 1998)); *accord Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)); 42 U.S.C. § 504(g); *see also Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder."). The ALJ is required to set forth those crucial factors used to justify his or her findings with sufficient particularity to allow the district court to make a determination

4

regarding the existence of substantial evidence. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

Accordingly, "the reviewing court does not decide the case de novo." *Pereira v. Astrue*, 279 F.R.D. 201, 205 (E.D.N.Y. 2010) (citing *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)). Rather, "the findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive," *id.* (citing 42 U.S.C. § 405(g)), and therefore, the relevant question is not "whether there is substantial evidence supporting the [plaintiff's] view"; instead, the Court "must decide whether substantial evidence supports the ALJ's decision." *Bonet v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original). In this way, the "substantial evidence" standard is "very deferential" to the Commissioner, and allows courts to reject the ALJ's findings "'only if a reasonable factfinder would have to conclude otherwise.'" *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)). This deferential standard applies not only to factual determinations, but also to "inferences and conclusions drawn from such facts." *Pena v. Barnhart*, No. 01-cv-502, 2002 WL 31487903, at *7 (S.D.N.Y. Oct. 29, 2002) (*citing Levine v. Gardner*, 360 F.2d 727, 730 (2d Cir. 1966)).

"Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Burgess v. Astrue*, 537 F.3d 117, 127–28 (2d Cir. 2008) (quoting *Halloran*, 362 F.3d at 31); *accord Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed. 2d 842 (1971); *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which

detracts from its weight." *Williams*, 859 F.2d at 258 (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S. Ct. 456, 464, 95 L.Ed. 456 (1951)).

An ALJ's findings may properly rest on substantial evidence even where he or she fails to "recite every piece of evidence that contributed to the decision, so long as the record 'permits [the Court] to glean the rationale of an ALJ's decision.'" *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (per curiam) (quoting *Mongeur*, 722 F.2d at 1040). This remains true "even if contrary evidence exists." *Mackey v. Barnhart*, 306 F. Supp. 2d 337, 340 (E.D.N.Y. 2004) (*citing DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998)).

The Court is prohibited from substituting its own judgment for that of the Commissioner, even if it might understandably have reached a different result upon a de novo review. *See Koffsky*, 26 F. Supp. at 478 (quoting *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991)); *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**C. APPLICATION TO THE FACTS OF THIS CASE**

The Plaintiff claims that the ALJ erred when determining his residual functional capacity ("RFC") by substituting his own lay interpretation of the medical impairments for those of the treating and reviewing physicians. After reviewing the record, the Court holds that the ALJ's decision is supported by substantial evidence.

RFC is defined in the regulations as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404 Subpt. P App. 2, § 200.00(c); *see also* 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.967; *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (defining RFC as the "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis" (quoting SSR 96–8p)). This determination requires consideration of "a claimant's physical

abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (quoting SSR 96–8p). It takes into account "all the relevant evidence, including medical opinions and facts, physical and mental abilities, non-severe impairments, and Plaintiff's subjective evidence of symptoms." *Stanton v. Astrue*, No. 07-cv-0803, 2009 WL 1940539, at *9 (N.D.N.Y. July 6, 2009) (citing 20 C.F.R. § 404.1545), *aff'd*, 370 F. App'x 231 (2d Cir. 2010).

In this case, prior to step four, the ALJ found that the Plaintiff retained the RFC to perform work at all exertional levels that: did not require exposure to temperature extremes; did not require concentrated exposure to environmental irritants: and allowed him to miss one day of work per month. R. at 16. At step four, the ALJ found that the Plaintiff could not perform his past relevant work as a firefighter. *Id.* at 19. At step five, the ALJ found that the Plaintiff could perform other work that existed in significant numbers in the national economy, such as final assembler, photocopy machine operator, and routing clerk. *Id.* at 20. Thus, the ALJ concluded that the Plaintiff was not disabled. *Id.* at 21.

The Plaintiff challenges the ALJ's RFC determination because it rests on a finding by the ALJ that the Plaintiff would only miss only one day, rather than three or more days, from work per month. The Plaintiff bases his argument on the opinions of Michael Weiden, M.D. ("Dr. Weiden"), a pulmonologist at the City of New York Fire Department's Bureau of Health Services, and Osvaldo Fulco, M.D. ("Dr. Fulco"), a pulmonary specialist who reviewed the Plaintiff's record at the request of the ALJ. According to the Plaintiff, their opinions establish that he would miss three or more days from work per month and, since the vocational expert at the hearing testified that such absences would preclude all employment, the Plaintiff should be found disabled.

7

Therefore, the Plaintiff claims the ALJ impermissibly substituted his lay interpretation of the medical evidence for those of the treating and reviewing physicians by finding an RFC based on allowance of one missed day of work per month.

In the Court's view, the record supports the opinion of the ALJ and contradicts the Plaintiff's contention that the ALJ rejected the opinions of Dr. Weiden and Dr. Fulco without citing any medical authority and substituting his own judgment for the medical evidence in the record. Rather, the ALJ assessed the medical and non-medical evidence in the record and made a fair and reasonable determination of the Plaintiff's RFC based on said evidence. In doing so, the ALJ adopted the portions of Dr. Weiden and Dr. Fulco's opinion consistent with the record, viewed in its entirety, and rejected the portions inconsistent with the record.

First, and foremost, fashioning a claimant's RFC is a determination reserved solely for the Commissioner, and not the medical professionals who testify at the hearing. 20 C.F.R. § 404.1527; *see also Micheli v. Astrue*, 501 Fed.Appx. 26, 28 (2d Cir.2012) ("As an initial matter, Dr. Tracy's assessments of Micheli' 'disability status' are not determinative because it is the responsibility of the Commissioner to make the ultimate decision as to whether the claimant has a "disability" under the statute."); *Roma v. Astrue*, 468 Fed.Appx. 16, 18 (2d Cir.2012) ("As an initial matter, Dr. Prywes's assertion that Roma "is permanently disabled," App. 257, cannot itself be determinative because it is the responsibility of the Commissioner to make the ultimate decision as to whether the claimant meets the statutory definition of "disabled.").

Here, the ALJ considered the opinions of other treating sources which indicated that the Plaintiff's respiratory impairments were less severe than Dr. Weiden and Dr. Fulco indicated, R. at 17–19, 472–477, 488–490, 581–82; CT scans of the Plaintiff's chest, R. at 18, 539, 710, 768, 783; pulmonary studies, R. at 18, 586, 589, 668, 704; the finding of the FDNY Pension Fund

8

Medical Board, R. at 537; and the activities undertaken by the Plaintiff in his daily life, R. at 17–19, 42, 71–77, 134. Based on this evidence, the ALJ determined that the record contradicted the portion of Dr. Weiden and Dr. Fulco's opinions claiming that the Plaintiff's respiratory impairments were so severe that he would be required to miss three days of work per month. In the Court's view, the record supports the ALJ's conclusion. Although the Plaintiff is correct that the ALJ did not specifically cite a piece of medical authority regarding the number of his absences from work, the other evidence in the record adequately supported his RFC determination because it undermined the basis for Dr. Weiden and Dr. Fulco's opinions about the Plaintiff's potential absences from work.

The ALJ is entitled to synthesize the record and make determinations based on a holistic evaluation of the evidence before him. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (explaining that the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole" and need not "perfectly correspond with any of the opinions of medical sources cited in his decision"). Further, while the ALJ must consider medical opinions probative to the RFC finding, he or she is not required to adopt those opinions when contradicted by other evidence in the record. *See Barry v. Colvin*, 606 F. App'x 621, 623–24 (2d Cir. 2015) (rejecting opinion of consulting physician who opined that the claimant "could not maintain a regular schedule" based on the claimant's statements, treatment notes from her physicians, and the opinion of a state agency psychologist); *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (finding Commissioner did not err in viewing opinions of treating physicians "as less than dispositive" when "[t]he record contain[ed] evidence from several other doctors who examined [the claimant] and made less favorable findings."); *Netter v. Astrue*, 272 Fed.Appx. 54, 56 (2d Cir.2008) ("Where, as here, a treating specialist and state-employed physicians are in

agreement that an individual is not disabled, and where this conclusion is supported by record evidence, the Commissioner may reject the contrary opinion of one treating physician."). Put another way, "the Social Security Administration considers the data that physicians provide but draws its own conclusions as to whether those data indicate disability." *Snell*, 177 F.3d at 133

That is exactly what the ALJ did in this case. The ALJ incorporated the evidence regarding the Plaintiff's impairments, including the opinions of Dr. Weiden and Dr. Fulco, into his RFC by restricting the Plaintiff's work to jobs which did not require concentrated exposure to respiratory irritants. R. at 16–18. However, the ALJ considered other evidence that contradicted Dr. Weiden and Dr. Fulco's conclusions regarding the number of absences and made a credibility assessment that these portions of their opinions were not supported by the greater weight of the evidence in the record.

Rather than specifically addressing the evidence relied on by the ALJ, the Plaintiff ignores such evidence and instead focuses solely on the portions of the record describing his impairments. Essentially, the Plaintiff asks the Court to substitute its own assessment of the medical evidence for that of the ALJ. That is not the province of the Court on appeal. The standard of review does not permit the Court to engage in this sort of second-guessing. *See Alston*, 904 F.2d at 126 ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder."); *Hererra v. Colvin*, No. 14-cv-7802, 2016 WL 1298990, *7 (S.D.N.Y. Mar. 31, 2016) (the court noted that while a fact-finder could have credited one doctor's opinion above another's, the standard of review does not permit the court to engage in "this sort of second-guessing").

While the Court agrees that *some* evidence supports the Plaintiff's preferred RFC determination, the conflicting evidence raisedg by the Plaintiff is not so substantial that no reasonable factfinder would reach a different conclusion. *See Brault*, 683 F.3d at 448; *McIntyre*,

758 F.3d at 149 ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."); *Bonet*, 523 F. App'x at 59 ("[W]hether there is substantial evidence supporting the appellant's view is not the question here; rather, we must decide whether substantial evidence supports *the ALJ's decision*.").

Ultimately, as indicated above, the determination of whether a claimant is disabled is "reserved to the Commissioner." 20 C.F.R. § 404.1527(e). As such, the Court finds that ALJ's determination of the RFC of the Plaintiff—specifically, that the Plaintiff would not require at least three absences from work a month—was supported by substantial evidence.

### III. CONCLUSION

For the reasons stated above, the Plaintiff's motion for judgment on the pleadings pursuant to Rule 12(c) is denied in its entirety, and the Defendant's motion for judgment on the pleadings is granted in its entirety.

The Clerk of the Court is respectfully directed to close this case.

It is **SO ORDERED**:

Dated: Central Islip, New York

January 7, 2019

   /s/ Arthur D. Spatt   

ARTHUR D. SPATT

United States District Judge